UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENYOTA AMOS                                                                                    PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:26-CV-479-DPJ-ASH

SHAHID SHAIKH AND LISA TOTH                                                        DEFENDANTS

ORDER

The Court takes up this civil matter sua sponte for lack of subject-matter jurisdiction.  For the reasons explained below, the Court dismisses Plaintiff's case.

I.        Facts and Procedural History

On July 2, 2026, pro se Plaintiff Kenyota Amos sued Defendants Shahid Shaikh and Lisa Toth.  On his form complaint, Amos does not explain his Complaint's basis for jurisdiction.  Compl. [1] at 3 (marking both federal question and diversity of citizenship).  Amos does elaborate on the underlying facts, complaining that he "was searching online for different business property to invest and reinvest into, so I came across the app, Yelp for business which is a advertisement platform, which I am able to purchase."  *Id.* at 4 (unaltered).

On the same day, Amos filed a motion to proceed in forma pauperis.  *See* Mot. [2].  United States Magistrate Judge Andrew S. Harris entered an Order to Show Cause, directing Amos to do the following by July 21, 2026:  (1) explain why his Complaint should not be dismissed for lack of subject-matter jurisdiction and for failure to state a claim; (2) complete and return an AO 239 Long Form; and (3) if he wishes to amend his Complaint, file a motion seeking leave to do so.  Order [3] at 2–3.

Amos responded on July 20, 2026, but he failed to explain why his Complaint should not be dismissed for lack of subject-matter jurisdiction and for failure to state a claim.  Resp. [4] at

1–2; *see id.* at 1 (unaltered) ("Amos would like to uncheck the box to raise federal question and diversity of citizenship box, as being an United States American citizen."). Amos also did not complete and submit the required AO 239 Long Form. Amos sent a second letter on July 29, 2026, attaching a disconnect notice from Mississippi Power, presumably in support of his in forma pauperis motion. *See* Letter [5]; Notice [5-1]. Neither filing is responsive to Judge Harris's Order to Show Cause. *See* Order [3].

II.     Analysis

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The Court may raise sua sponte the issue of whether jurisdiction exists to consider a complaint. *See Burge v. Par. of St. Tammany*, 187 F.3d 452, 465–66 (5th Cir. 1999). The burden to establish federal jurisdiction is on the party seeking the federal forum. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). In the event the Court determines that it lacks subject-matter jurisdiction, the case must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

To begin, Amos's Complaint likely precludes diversity jurisdiction because at least two parties—Amos and Defendant Toth—appear to reside in Mississippi. Compl. [1] at 1–2; *see* 28 U.S.C. § 1332(a)(1) (requiring civil actions to be between "citizens of different States" to establish diversity jurisdiction). This leaves just federal-question jurisdiction. The Court gave Amos two opportunities to meet his burden of showing federal-question jurisdiction, but he has failed to do so. First, he left blank the portion of the form complaint's section titled "If the Basis for Jurisdiction is a Federal Question." Compl. [1] at 3. Second, Judge Harris specifically directed Amos to explain the basis of federal subject-matter jurisdiction, but Amos failed to do

so, stating that he wanted to "uncheck" the box for both diversity and federal question.  Resp. [4] at 1; *see also* Order [3] at 2–3.  Furthermore, nothing in his Complaint or show-cause response suggests a federal question, and the Court will not speculate that one might exist.  Amos has not met his burden of establishing subject-matter jurisdiction.  Since he has not established subject-matter jurisdiction, the Court must dismiss Amos's case.  *See* Fed. R. Civ. P. 12(h)(3).

III.    Conclusion

For the reasons stated above, Amos's motion to proceed informa pauperis [2] is denied because the Court lacks subject-matter jurisdiction over his case.  This case is dismissed without prejudice to refiling in a court that has subject-matter jurisdiction over the dispute.  The Court will enter a separate judgment under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 10th day of August, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE